**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICK DUNBAR, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-613-JWD-RLB** |
| **WALMART, INC., ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to its recommendations, proposed findings of fact, and conclusions of law. Failure to file written objections to the recommendations, proposed findings, and conclusions, within fourteen (14) days after being served, will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 6, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PATRICK DUNBAR, ET AL.** **CIVIL ACTION**

**VERSUS** **NO. 26-613-JWD-RLB**

**WALMART, INC., ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint with Consent (R. Doc. 9). The deadline to file an opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.

## I. Background

On April 22, 2026, Patrick Dunbar and Gail Dunbar (collectively, Plaintiffs) filed the Petition for Damages in the 18th Judicial District Court of the Parish of West Baton Rouge, naming as defendant Walmart, Inc. ("Walmart") and John Doe. In their Petition, Plaintiffs seek damages from Walmart for personal injuries sustained due to an unknown pharmacist, John Doe, employed by Walmart Pharmacy in New Roads, Louisiana, changing the frequency of Patrick Dunbar's Naproxen 500mg prescription from two times a day to three times a day, causing Patrick to sustain serious personal injuries that were discovered on December 5, 2024. (R. Doc. 1-2).

Walmart removed the matter to federal court on June 4, 2026, alleging diversity jurisdiction under 28 U.S.C. § 1332, asserting there was complete diversity at the time of removal because Plaintiffs are domiciled in Louisiana and Walmart is a Delaware corporation with its principal place of business in Arkansas. (R. Doc. 1 at 6). At the time of removal, John Doe was a fictious defendant who could not be considered when determining complete diversity

of the parties. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictious names shall be disregarded."). Additionally, Plaintiff asserts the amount in controversy exceeds $75,000.[1] (R. Doc. 1 at 5-6).

Plaintiffs filed the instant Motion for Leave to File Amended Complaint with Consent on July 6, 2026 (R. Doc. 9). In their original Petition, Plaintiffs identified "John Doe" as a placeholder for the local pharmacists and pharmacy employees Plaintiffs intended to add to the lawsuit upon discovery of their identity. (R. Doc. 9-1 at 2). Counsel for Plaintiffs received discovery responses from Walmart on June 29, 2026, which identified all employees that played a role in filling Patrick Dunbar's prescription. (R. Doc. 9-1 at 2). Plaintiffs seek leave to add Alexis Lee, RPH, Kertina M. Parker, Sherry Marcotte, and Katelyn Wren, RPH (collectively, the "Employees"), who are all domiciled in Louisiana. (R. Doc. 9-2 at 1). Plaintiffs assert that counsel for Walmart has consented to the filing of an Amended Complaint. (R. Doc. 9 at 2). Walmart did not file a timely opposition to this motion under Local Rule 7(f). Accordingly, the instant motion is unopposed.

Plaintiffs assert that the addition of the Employees as defendants would destroy complete diversity and require remand of this action. (R. Doc. 9-1 at 2). For the following reasons, the Court finds it appropriate to grant the instant Motion, enter the Plaintiffs' Amended Complaint

---

[1] Walmart received copies of Patrick Dunbar's medical records on May 7, 2026, which revealed, for the first time, that Mr. Dunbar's alleged injuries and treatment exceeded the amount in controversy, so removal was timely. (R. Doc. 1 at 5-6). *See* 28 U.S.C. § 1446(b)(3)("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also* § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.")

into the record, and remand the action to the 18th Judicial District Court for West Baton Rouge Parish, Louisiana for lack of subject matter jurisdiction.

## II. Law and Analysis

### A. The Employees are Non-Diverse Defendants.

There can be no dispute that the Employees are non-diverse defendants. As the Employees are all domiciled in Louisiana, the Employees are citizens of Louisiana for the purposes of diversity jurisdiction. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc*., 485 F.3d 793, 797 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.") (citing *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954)).

Because Employees are non-diverse defendants, their joinder as defendants in this action requires remand for lack of complete diversity. *See* 28 U.S.C. § 1332. In light of the foregoing, the Court discusses below whether post-removal amendment should be allowed under 28 U.S.C. § 1447(e).

### B. Amendment of the Pleadings to Name the Non-Diverse Defendants

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co*., 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d

987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment ...." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id*. at 1182. The *Hensgens* factors require a balancing of the parties' competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id*.

The *Hensgens* factors weigh in favor of allowing amendment to name the Employees as non-diverse defendants. First, the purpose of the amendment is to name the Employees who acted on behalf of Walmart, the currently named defendant. In determining the plaintiff's purpose for amendment, courts will consider "(1) whether the plaintiff knew the identity of the non-diverse defendant when the state court petition was filed and (2) whether the plaintiff has stated a valid claim against the nondiverse defendant." *Casey v. B H Mgmt. Servs. Inc*., No. 18-00947,

2021 WL 6077623, at *3 (W.D. La. Apr. 22, 2021) (citing cases). By including the fictitious party "John Doe" and stating he was "domiciled in the State of Louisiana," Plaintiffs made clear their intention to add Walmart's employees as parties upon discovering their identities. Additionally, since the identities of the Employees were in Walmart's possession, the Employees' identities could not have been reasonably known by Plaintiffs when filing the initial Petition. Plaintiffs have stated a valid claim against the nondiverse defendants as the Employees are the individuals who potentially committed the alleged wrongdoing and their potential supervisors. Given the foregoing, it is proper to conclude that Plaintiffs' motion to amend was prompted by the post-filing discovery of the Employees' identities, not to defeat diversity jurisdiction.

The second *Hensgens* factor also supports amendment. Plaintiffs filed the instant motion on July 6, 2026, within a week of learning of the Employees identities from Walmart's discovery responses on June 29, 2026. Accordingly, the instant motion is not dilatory.

Third, the denial of Plaintiff's motion would result in significant prejudice to Plaintiff. In determining whether the plaintiff would be prejudiced by denying leave to amend, the Court considers "whether the already named diverse defendant would be unable to satisfy a future judgment and whether the plaintiff could recover against the proposed nondiverse defendant." *Cooper v. Toyota Motor Sales, U.S.A., Inc.*, No. 18-1033, 2019 WL 13234722, at *4 (M.D. La. July 16, 2019) (citations omitted). Additionally, "considerations of cost, judicial efficiency and possible inconsistency of results militate in favor of not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances." *Joseph v. Fluor Corp.*, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (quotation omitted). There is no dispute that the addition of the proposed defendants would result in efficient resolution of this

matter in one proceeding and avoid inconsistent judgments. It would be inequitable to force Plaintiffs to proceed with multiple actions on the same set of facts when the proposed defendants can be appropriately joined in this action.

Moreover, the Court finds no substantial reason under the general requirements of Rule 15(a)(2) to deny amendment to name the Employees as additional defendants.

**III. Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' Motion for Leave to File Amended Complaint with Consent (R. Doc. 9) be **GRANTED**, that the Amended Complaint (R. Doc. 9-2) be filed, and that this action be **REMANDED** to the 18th Judicial District Court, West Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 6, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**